No. 2554.

### David McCulloch v. Josephine McCulloch.

DIVORCE.—When a woman gives birth to a fully developed child so soon after marriage as to render it certain that it was begotten before marriage, the legal presumption is that it was begotten by him who became her husband until such presumption is overcome, by some evidence to the contrary. Until this presumption is overcome the marriage contract can not be annulled by reason of her pregnancy before her marriage.

APPEAL from Houston.    Tried below before the Hon. F. A. Williams.

*Cooper & Moore*, for appellant,

No brief on file for appellee.

WILLIE, CHIEF JUSTICE.    This is a suit for divorce brought by the appellant against the appellee, he alleging that he was married to her on the fourth of March, 1886, and that they lived together as man and wife till the thirtieth of August thereafter, and that on the twentieth of June, 1886, three and one-half months after their marriage, she gave birth to a fully developed child, and that he did not know until its birth but that it was his child.    He claimed that the fact of her pregnancy was not made known to him by his wife before their marriage; that she had thereby perpetrated a fraud upon him; and that her condition at marriage was an impediment that rendered the contract of marriage void.    The marriage, and birth of a seven or eight months child within three and a half months thereafter, were proved; and it was shown by two witnesses that they were present at the marriage and did not notice that the appellee was pregnant, and it was shown that the appellee lived with her as a husband until sometime after the birth of the child, and then left her; but, upon leaving, tried to persuade her to go with him.

The court below refused the divorce and the plaintiff appealed. There was no proof as to who was the father of the child, and in such cases the presumption is that it is the child of the husband.    (Reynolds v. Reynolds, 3 Allen Ev., 610; Hemming v. Towner, 1 Allen, 209; Phillips v. Allen, 2 Allen, 453.)    This presumption should be overcome by some proof to the contrary; but in this case the evidence tended rather to strengthen the presumption.    The appellant and appellee associated together for a year before the marriage, and during a portion of the time were engaged to be married.    There is no evidence to show that she kept company with any other man during that period, or that any one else was suspected of improper intimacy with her.    After the marriage, too, the appellee lived with her as a husband for a considerable period, during which he must have known that she was with child, and must have known too that it had been begotten before the marriage.    Yet, he made no

complaint or inquiry as to her situation, but acted in all respects as the father of the child would have done under like circumstances. Continuing to acknowledge such a person as his wife was almost proof positive that the child was his own, or that he believed and had good reason to believe this to be a fact. It is true that the appellant alleges that because of his youth and inexperience he did not know anything about such matters, and did not know that the child was not his until after it was born. But there is no proof on this subject; and the presumption from the allegation itself is that he believed the child to be his until its appearance convinced him to the contrary. But the evidence showed that he tried to persuade his wife to go and live with him after the child was born, which tends to show that he still believed it to be his own.

It is settled law that the husband can not have the marriage annulled because the wife was with child by him at the date of the marriage. If a condition of pregnancy at that time is, under any circumstances, an impediment to marriage, it must be because it will impose upon the husband a spurious offspring. (Reynolds v. Reynolds, supra.) If it on the contrary yields him as the first fruits a child of which he is the father, the contract can not be annulled, as its object is in no wise defeated. All the rights and privileges to which the husband is entitled are secured to him, and he can not complain of the consequences of his own misconduct, especially when it has done him no injury. These principles are abundantly supported by authority and need not be further elaborated. (See preceding authorities; also Long v. Long, 77 N. C., 304.)

The presumption strengthened by proof being, that the appellant was the author of the condition of the wife at marriage for which he seeks to annul it, and no proof to the contrary having been produced, we think he showed no grounds for divorce, and the court below properly refused to grant his petition. The judgment is affirmed.

*Affirmed.*

Opinion delivered February 10, 1888.