## JOHNSON v. JOHNSON.

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1912.)

DIVORCE (§ 15*) — GROUNDS — ANTENUPTIAL PREGNANCY.

Antenuptial pregnancy, followed by the birth of an illegitimate child of which the husband is not the father, is ground for a divorce, unless followed by condonation on the husband's part.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 29, 30; Dec. Dig. § 15.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Ollin Johnson against Pearl Johnson. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

A. S. Moss, of Memphis, for appellant.

HODGES, J. This is a suit by the appellant against the appellee for a divorce. The appellee, defendant below, did not appear at the trial; but the court refused the divorce, holding the evidence insufficient. The grounds upon which the divorce was sought was the antenuptial unchastity and pregnancy of the wife resulting in the birth of a child in a little over six months after marriage. Appellant alleged that he was not the father of the child, and was ignorant of his wife's condition when he married her. The case is here upon the findings and conclusions of the court. The substance of the facts as found is as follows: The parties were married in Clay county, Tex., on April 14, 1910, and lived together six months and five days. At the end of that period the appellee gave birth to a fully developed child. The appellant promptly disclaimed its paternity, abandoned his wife, and has since refused to live with her. Appellant never had any sexual relations with his wife prior to their marriage, and did not know of her pregnancy when he married her. The court refused a divorce for the following reasons: "I find that no law of Texas provides for the granting of a divorce upon the grounds of unchastity prior to marriage. The law of Texas literally requires the bridegroom to take his bride for better or for worse so far as her past conduct is concerned."

The facts of this case do not present merely an instance of antenuptial incontinence, but one of antenuptial pregnancy, followed by the birth of an illegitimate child of which the husband is not the father. These, we think, are ample grounds for a dissolution of the marriage relations, unless followed by condonation on the part of the husband. Harrell v. Harrell, 42 S. W. 1040; McCulloch v. McCulloch, 69 Tex. 682, 7 S. W. 593, 5 Am. St. Rep. 96. It is easily distinguishable from the case of Griggs v. Griggs, 61 S. W. 941.

We conclude that the trial court erred in refusing the divorce upon the facts found.

The judgment is therefore reversed, and judgment here rendered granting the relief prayed for.