**FRANKLIN E. ELDRIDGE v. ANN ILA ELDRIDGE, et al.**

16 So. (2nd) 163                     June Term, 1943
January 4, 1944                         Division A

874

*Joseph W. Nichols,* for appellant.

*J. E. Satterfield* for Ann Ila Eldridge and *M. H. Jones,* for Guardian ad Litem Minor, appellees.

ADAMS, J.:

The only question presented by this appeal is the legitimacy vel non of an infant child.

Appellant and appellee first met on June 22, 1941. A courtship followed with frequent acts of sexual intercourse. They were married July 16, 1941. The child was born February 9, 1942, a period of about 226 days from their first meeting.

The appellant husband claims he is not the father of the child. Where a child is born in wedlock the law extends the right to the reputed father to contest the parentage but the mother has no such right. She being restricted, to question the identity of the child only. Gossett v. Ullendorff, 114 Fla. 159, 154 So. 177. Where the legitimacy of a child born in wedlock is questioned by the husband and reputed father, one of the strongest rebuttable presumptions known to the law is required to be overcome before the child can be bastardized. At common law the presumption was at one time virtually conclusive. Law of illegitimacy by Hooper, pg. 202; Anon v. Anon (1856), 22 Beav. 481, 23 Beav. 273. The rule was relaxed later in England and the latter case was overruled in 1903 in The Poulett Peerage A. C. 395. See also Hargrave v. Hargrave, 9 Beav. 552, 50 English Reprint 458. The rule is well established in this country that the husband may make the attack but in so doing he must overcome the strong presumption of legitimacy by clear and satisfactory

testimony. Marriage, Divorce, Separation and Domestic Relations by Schouler (6d) Vol. 1, pg. 760, Lay v. Fuller, 178 Fla. 375, 59 So. 609, 7 C. J. 953, 10 C. J. 18. The better rule is that the husband is not required to prove his contention beyond all reasonable doubt, yet his proof must be sufficiently strong to clearly remove the presumption of legitimacy. The evidence must more than cast a strong suspicion or grave doubt on the paternity of the child. 7 Am. Jur. Par. 43, pg. 655. Powell v. State ex rel. Fowler, 84 Ohio St. 165, N. E. 660, 36 L.R.A. (N.S.) 255.

There is authority that the presumption is weakened in cases where it is shown that the child was born in wedlock but conceived prior thereto. Wright v. Hicks, 15 Ga. 160, 60, Am. Dec. 687; Re McDermott, 125 Neb. 179, 249 N.W. 555. The better view which is adhered to by most courts is to the effect that under such circumstances the presumption is not weakened. We prefer to adhere to the latter rule. It is supported by public policy and a wealth of authority. 7 Am. Jur. Par. 45, pg. 656. Zachmann v. Zachmann, 201 Ill. 380, 66 N. E. 256, 94 Am. St. Rep. 180; Wallace v. Wallace, 137 Iowa 37, 114 N.W. 527, 14 L.R.A. (N.S.) 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761; State v. Schoemaker, 62 Iowa 343, 17 N.W. 589, 49 Am. Rep. 146; Rabeke v. Baer, 115 Mich. 328, 73 N.W. 242, 69 Am. St. Rep. 567; Miller v. Anderson, 43 Ohio St. 473, 3 N. E. 605, 54 Am. Rep. 823; Westfall v. Westfall, 100 Or. 224, 197 P. 271, 13 A.L.R. 1428; Dennison v. Page, 29 Pa. 420, 72 Am. Dec. 644; McCulloch v. McCulloch, 69 Tex. 682, 7 S. W. 593, 5 Am. St. Rep. 96.

That brings us then to the question of whether there was sufficient proof to sustain the appellant's contention when weighed by these principles of law. The judgment appealed from is presumed to be proper hence the evidence in support thereof is viewed in its most favorable light. The evidence shows that appellant engaged in frequent acts of sexual intercourse with the mother from June 24th until their marriage on July 16th following. The medical testimony disclosed that the normal period of gestation is 280 days; that after 190 days a child has a fair chance to live.

When the evidence is considered in its entirety we are

unable to say that the chancellor committed error in the conclusion reached.

The judgment is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.