## KELLY v. KOUBEK.

Circuit Court, Dade County.

February 1, 1956.

H. H. Taylor, Henry H. Taylor, Jr. and Richard L. Zapf, all of Miami, for plaintiff.

David Popper, Popper, Tittle & Weston, Coral Gables, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

In Eldridge v. Eldridge (Fla.), 16 So. 2d 163, the Supreme Court held that "where a child is *born* in wedlock the law extends the right to the reputed father to contest the parentage but the mother has no such right." (Italics added.)

In this case, while the child whose parentage is in question was not *born* in wedlock, he was *conceived* in wedlock. The mother and her former husband were divorced April 14, 1955. The child was born May 4, 1955.

The rule enunciated in the cited case is supported by public policy and a wealth of authority. In my opinion it should not be, and is not, restricted to cases in which children are *born* in wedlock. The reason which underlies the rule is as applicable to cases in which children are *conceived* in wedlock.

To permit the mother in this case to succeed in her effort to establish that her former husband is not the father of the child would be to brand the child as a bastard and deprive him of his right to inherit from the former husband who is presumptively the father of the child and who has not contested his parentage.

The complaint filed herein is therefore dismissed with prejudice.