SWANN, Judge.
This is an appeal from a final judgment for the defendant in the Civil Court of Record in Dade County, Florida. The appellants were the plaintiffs below and the parties are referred to herein as in the trial court.
This was an action on an insurance policy covering a semi-trailer owned by the plaintiff Albert Williams and financed by the loss payee plaintiff Continental Discount Company, Inc., against loss of the semitrailer by theft and other coverages.
The complaint alleged essentially that on or about June 1, 1963 the insured semitrailer was stolen, or a loss by theft occurred, from certain premises located in Miami, Florida; that the value of the semi-trailer was Three Thousand Six Hundred Twenty Dollars; that it was never recovered; that all conditions of the policy were performed, except those waived by the defendant; and that the defendant insurance company refused to pay the claim made under the policy, thereby necessitating the filing of this suit demanding damages and attorney’s fees.
The defendant’s answer denied the material allegations of the complaint, and set up as affirmative defenses the failure of plaintiffs to cooperate and give proper notice of the claim under the insurance policy.
The case proceeded to a non-jury trial. The trial judge entered a final judgment for the defendant. Plaintiffs’ motion for new trial was denied, and they thereafter filed notice of appeal.
The only point submitted by appellants for consideration is whether the evidence presented at the trial without a jury sufficiently supports the judgment in favor of the defendant. The courts of Florida have held that the credibility of the witnesses and the weight or lack of weight to be given their testimony is solely for the trier of facts. Pokress v. Josephart, Fla. App.1963, 152 So.2d 756.
We have previously set forth the criteria to be followed for reversal of a judgment in a non-jury case in Highland Lakes, Inc. v. Art Present Real Estate, Inc., Fla.App.1962, 147 So.2d 348, wherein the court stated:
* * * * * *
“The findings of fact of a trial judge upon a non-jury trial are entitled to the same weight as a jury verdict. MacGregor v. Sachs, Fla.1952, 57 So.2d 426; Bardee Corp. v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268; LaFrance Cleaners & Dyers, Inc. v. Argenio, Fla.App.1962, 147 So. 2d 330. Therefore, we will not reverse unless it is made to clearly appear that the judgment of the trial judge is erroneous or where his findings are manifestly against the weight of evidence or are contrary to the legal ef- *550 feet of the evidence. See Talbot v. Talbot, Fla.App.1958, 104 So.2d 410.”
******
A careful review of the record before us does not show that the appellant has carried the burden of demonstrating such error, and the judgment of the trial court is therefore
Affirmed.