ALLEN, Judge.
Harold DeGroot, the appellant, was the plaintiff below. The appellees are Marvin and Janice Fuller, husband and wife, who are also the brother and sister-in-law of the deceased mother, Sylvia Fuller DeGroot.
Sylvia Fuller DeGroot was the original defendant in a divorce action brought by appellant and from which this current suit arises. A complaint was filed by appellant seeking a divorce from Sylvia Fuller De-Groot. On March 8, 1962, the Honorable Clifton M. Kelly, Circuit Judge of Polk County, granted the appellant a divorce but awarded the custody of their two minor children to the defendant wife, Sylvia Fuller DeGroot.
The divorce decree entered on this date ordered the appellant, Harold DeGroot, to pay directly to the defendant wife, Sylvia Fuller DeGroot, the sum of $40.00 each week for the support of the two minor children. These payments were to be made through the office of the Juvenile and Domestic Relations Court of Polk County, Florida.
On November 6, 1967, after the death of Sylvia Fuller DeGroot, Judge Kelly entered an order granting the appellees, Marvin Fuller and Janice Fuller, the temporary care, custody a,nd control of the two children involved in this case.
Judge Kelly had conducted hearings on two petitions. One petition, brought by Sylvia DeGroot before her death, was to hold the appellant in contempt for failure to pay for the support of the two children. The other petition was brought by the appellant for modification of the final decree. The petition of Sylvia DeGroot alleged that since July 30, 1965, the plaintff-appellant had failed to pay as of September 21, 1967, the sum of $1,734.50 for child support and prior to July 30, 1965, his ar-rearages amounted to $1,250.00, or a total of $2,984.50. The appellant was held in contempt for failure to pay child support. The appellant’s petition for modification was denied.
The court, in granting temporary custody to the Fullers, ordered and adjudged:
“(1) That the prior orders of this Court are modified such that ¡Marvin and Janice Fuller, Route 2, Box 769, Stafford, Virginia, are given and awarded the temporary full care, custody, and control of Charles DeGroot and Elaine DeGroot, minor children of the parties hereto.
“(2) That Plaintiff is allowed visitation rights with his children but only in the presence of Marvin and Janice Fuller or *246 one of them, until the further order of this Court.
“(3) That Plaintiff Harold DeGroot is in contempt of Court and for such he is sentenced to serve 90 days in the County Jail of Polk County.
“(4) * * *
“(5) That Plaintiff may purge himself of contempt by taking the following action: (A) Immediately paying $350 for child support. (B) Each week after the $350 is paid pay $25.50.
“(6) Should Plaintiff elect to pay the said sum of $350 and presently avoid serving 90 days in jail an order for his arrest thereafter will be issued should he fail to make a $25.50 weekly support payment.”
Several hundred pages of testimony were taken by the trial court and he determined that the interests of the children would be best served by allowing appellees, Marvin and Janice Fuller, uncle and aunt of the children, to have temporary custody and control of the two children.
The appellant contends that the father of the children should have been given preference for their custody and control. Since the death of the childrens’ mother, Sylvia Fuller DeGroot, this normally would be the rule adopted. However, -the real criteria on any case of this nature is how can the interests of the children best be served. Cone v. Cone, Fla. 1953, 62 So.2d 907; Bennett v. Bennett, Fla.App.1962, 146 So.2d 588; Prince v. Carrington, Fla.1952, 62 So.2d 77.
There was background evidence which the able trial judge had before him which aided him in determining the best, interests of the children and in determining that the appellant father was not a proper person for the custody of these two children.
It was the duty of the trial judge to make a determination from the evidence presented to him as to what was best for the two young children. It was the determination of the trial judge that the appellees, the aunt and uncle of the two children, were the best parties to care for the children. From the record we cannot see that any error was committed by the trial judge.
Affirmed.
LILES, C. J., and HOBSON, J., concur.