SMITH, Acting Chief Judge.
Emma Roe appeals from a judgment entered for the defendant after a nonjury trial before the court on appellant’s claim that appellee is the father of and is responsible for the support of the child born to appellant on November 27, 1976. Chapter 742, Florida Statutes (1975). Appellant urges that the trial court’s judgment for appellee is contrary to the manifest weight of the evidence and that a judgment for appellant or a new trial should be ordered.
Appellee, the putative father, admitted numerous sexual encounters with appellant from January through March 1976, but he denied that he was the child’s father. The theory of his defense was that appellant admitted having sexual intercourse with another man in January 1976, and that there was no competent medical or other scientific evidence supporting appellant’s claim that he, not the other man, was the child’s father. On the contrary, there was *617 competent expert testimony, admitted at the trial, that the other man was of blood type AB. Hospital records received in evidence without objection as well as the mother’s testimony which was objected to but not excluded from consideration, tended to prove that both mother and child were of blood type 0. Appellee likewise admitted by deposition introduced into evidence that he was of blood type 0. No countervailing evidence was offered by appellee. Expert testimony received by the court was to the effect that appellant’s other consort, having AB type blood, could not possibly have been the father of a child having 0 type blood, born to a mother having 0 type blood.
Appellee’s only theory of defense at trial was that appellant may have conceived as a result of sexual relations with another named man who, the evidence shows, could not have been the child’s father. The critical medical or scientific evidence, though objected to in some respects by appellee, was neither excluded nor stricken by any ruling appearing in the record. It appears, therefore, that the trial court’s unexplicated judgment for appellee is contrary to the manifest weight of the evidence before the court. Contrast Yarmark v. Strickland, 193 So.2d 212 (Fla.3d D.C.A.1967), cert. denied, 201 So.2d 559 (Fla.1967), in which medical or scientific evidence was lacking. Nor is this a case in which the putative father asserted that the mother may have had sexual relations with others unnamed, and the trial court found that her testimony denying it was unworthy of belief. E. g., Connor v. Jablonski, 254 A.2d 763 (R.I.1969).
The judgment for appellee is REVERSED and the cause is REMANDED for a new trial. Appellant’s motion for attorney’s fees is DENIED without prejudice to renew it in the trial court should appellant ultimately prevail.
ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.