373 So.2d 376 (1979)
Patricia A. HILL, Appellant,
v.
Jessie PARKS, Appellee.
No. 78-2114.
District Court of Appeal of Florida, Second District.
June 29, 1979.
Rehearing Denied August 1, 1979.
Morris W. Milton, St. Petersburg, for appellant.
Franklyn Louderback, St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant filed a complaint against appellee alleging that he was the natural father of her infant child and seeking child support. Appellee in his answer denied that allegation. After hearing, the trial court found "that the testimony and evidence offered, taken as a whole, fails to rebut the presumption of legitimacy of the child herein, Eldridge v. Eldridge [153 Fla. 873], 16 So.2d 163 (Fla. 1944); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976) ..." and denied the relief sought. This appeal followed timely. We reverse.
We are well aware that there exists a strong presumption of the legitimacy of children. Gammon v. Cobb, supra; Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944). Nevertheless, the presumption is rebuttable. Williams v. Estate of Long, 338 So.2d 563 (Fla. 1st DCA 1976).
Appellant was married at the time of conception, but had neither lived nor had sexual intercourse with her husband for over seven years. During most of that time she was unaware of his whereabouts. She met appellee in July, 1973, and began dating and having sexual relations with him. Approximately one year later the child was born. Appellant testified that she did not *377 have sexual intercourse with any other man during this period of time.
The witnesses for appellant testified that on at least one occasion appellee acknowledged that he was the father of the child. He signed a statement filed with the Florida Department of Welfare agreeing to provide milk and food for the child, although he testified that he did not recall signing it. The evidence also shows that appellee brought his mother over to appellant's home to see the child.
At the time his deposition was taken he testified that he did not know of any other men with whom appellant had had sexual intercourse during the pertinent time period, and he conceded that he could be the father of the child. At the hearing, however, he denied he was the father and asserted that other men had told him they were having sexual relations with appellant during the time period concerned. He did not name these other men. He admitted having given appellant money from time to time after the child was born, but said it was not for the support of the child, but to enhance his romantic relationship with appellant.
We disagree with appellee's contention that this case is nothing more than a swearing match between the parties. Appellant presented more than simply her own testimony in support of her claim, while appellee failed to offer even a scintilla of competent, substantial evidence to refute the evidence adduced by appellant.
The trial judge, as trier of fact, had the right to reject the evidence presented by appellant and disregard it if he found it unbelievable and lacking in credence. Firstamerica Development Corp. v. County of Volusia, 298 So.2d 191 (Fla. 1st DCA 1974), cert. denied, 312 So.2d 755 (Fla. 1975); Williams v. Canal Insurance Co., 177 So.2d 548 (Fla. 3d DCA 1965). However, there is no indication that the trial judge found this evidence unworthy of belief; rather, he concluded that it was insufficient. While the judgment of a trial court comes to an appellate court clothed with a presumption of correctness, reversal is nevertheless required where it is clear that the trial court misapplied the law to the facts before it, see Becklin v. Travelers Indemnity Co., 263 So.2d 629 (Fla. 1st DCA 1972), or that its ruling is against the manifest weight of the evidence, see Roe v. Macy, 363 So.2d 616 (Fla. 1st DCA 1978). We hold that the evidence presented by appellant, uncontradicted except by inadmissible hearsay on the part of appellee, was sufficient to overcome the presumption of the child's legitimacy.
Accordingly, we reverse the judgment in favor of appellee. On remand the trial court is directed to enter an order declaring appellee to be the father of the child and awarding support, attorney's fees, and court costs to appellant.
REVERSED and REMANDED.
SCHEB and OTT, JJ., concur.