HOBSON, Judge.
On January 30, 1979, Joseph Robert MacDonald filed a petition to determine paternity of two children born to Linda .Hurwitz, during the course of his marriage to Ms. Hurwitz. The trial court dismissed the petition, finding that Section 742.011, Florida Statutes (1977), only gives a cause of action to determine paternity to the children’s mother. We hold that the lower court erred in dismissing the appellant’s petition. We interpret Section 742.011, and the cases decided thereunder, as only applying to actions to determine paternity of illegitimate children.
In Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944), it was established that the apparent father of children born in wedlock has a right to question the paternity of those children. This right is given to the apparent father of a legitimate child in order to prevent the father from being “inequitably saddled with the emotional and financial responsibilities of parenthood when he is not, in fact, the parent of the child.” Knauer v. Barnett, 360 So.2d 399, 405 (Fla.1978).
Accordingly, we reverse the dismissal of the appellant’s petition, and remand this *62 action to the lower court for further proceedings.
GRIMES, C. J., and OTT, J., concur.