434 So.2d 951 (1983)
Ben E. LUSKER, Appellant,
v.
GUARDIANSHIP OF Bena Christine LUSKER, Appellee.
No. 82-1135.
District Court of Appeal of Florida, Second District.
June 3, 1983.
Rehearing Denied July 18, 1983.
*952 Peter N. Macaluso, Tampa, for appellant.
Phillip A. Baumann of Phillip A. Baumann, P.A., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Ben Lusker, has appealed a final order confirming the appointment of appellees, J. Robert Lane and his wife Dana Lane, as guardians of his natural minor daughter, Bena Christine Lusker. We find that the trial court erred in entering the order, and we accordingly reverse.
Audrey Lusker, the natural mother of Bena Christine Lusker, was divorced from the appellant on January 23, 1978. At that time she was awarded custody of the child. Mrs. Lusker became terminally ill and, in contemplation of her death, she filed a petition for the appointment of appellees as standby guardians of her daughter. The appellant did not join in the petition and refused to consent to the appointment. The appellees were appointed standby guardians, over the objection of the appellant, on August 26, 1981. The appellant did not appeal this order. Mrs. Lusker died on February 6, 1982, and on April 13, 1982, the trial court confirmed the appellees' appointment as guardians. It is from this order that the appellant has appealed.
The appellees contend that the trial court had the authority to appoint them as guardians because when Mrs. Lusker was awarded custody of the child in the divorce proceeding, appellant lost his right as natural guardian of the child and accordingly did not have to join the petition. The appellees also contend that, even if it was necessary for the appellant to join in the petition, he cannot complain because he did not appeal the order appointing them within thirty days of the rendition of the original order. We disagree with both contentions.
Section 744.301(1), Florida Statutes (1981), defines natural guardianship as:
744.301 Natural guardians. 
(1) The mother and father jointly are natural guardians of their own children and of their adopted children, during minority. If one parent dies, the natural guardianship shall pass to the surviving parent, and the right shall continue even though the surviving parent remarries. If the marriage between the parents is dissolved, the natural guardianship shall belong to the parent to whom the custody of the child is awarded. If the parents are given joint custody, then both shall continue as natural guardians. If the marriage is dissolved and neither the father nor the mother is given custody of the child, neither shall act as natural guardian of the child. The mother of a child born out of wedlock is the natural guardian of the child.
The statute does not automatically extinguish the rights of a noncustodial parent as natural guardian of his child. The statute provides that if a marriage between parents is dissolved, the natural guardianship *953 shall belong to the parent to whom the custody of the child is awarded. By doing so, the parent who has custody of the child has the ability to make necessary day to day decisions concerning the child's welfare, e.g., consent to an operation, without the necessity of having to confer with the absent parent when time does not permit. However, if a change of custody is properly sought and obtained, the other parent then regains the natural guardianship of the child. Thus the guardianship is passed from parent to parent depending upon who had custody, not extinguished because of an award of custody. The same statute provides that if one parent dies, the natural guardianship shall pass to the surviving parent. If we accepted the appellees' contention this portion of the statute would be meaningless. A statute is to be construed so that it is meaningful in all of its parts. State v. Rodriquez, 365 So.2d 157 (Fla. 1978).
Accordingly, pursuant to section 744.301(1), the natural guardianship belongs to the parent to whom the custody of the child is awarded, but if that custodial parent dies, the natural guardianship passes to the surviving parent, and the burden is then upon the person opposing this parental right to prove by clear and convincing evidence that the parent is unfit and that the best interests of the child would be promoted by giving custody to the nonparent. Torres v. Van Eepoel, 98 So.2d 735 (Fla. 1957). Furthermore, even if one parent has been granted custody, both parents must join in a petition for the appointment of a standby guardian.
Mrs. Lusker filed the petition for the appointment of appellees as standby guardians for her child. The statute dealing with standby guardianship is section 744.304(1), Florida Statutes (1981), which provides:
744.304 Standby guardianship. 
(1) Upon petition or consent of both parents, natural or adoptive, if living, or of the surviving parent, a standby guardian of the person or property of an incompetent may be appointed by the court. The court may also appoint an alternate to the guardian to act if the standby guardian shall renounce, die, or become incapacitated after the death of the last surviving parent of the incompetent person.
The statute requires the petition or consent of both parents, natural or adoptive, if living, or of the surviving parent. In the case sub judice, the appellant did not give his consent. Furthermore, he was present at the hearing and strongly objected to the petition for standby guardianship. The appellant, in refusing to give his consent, in effect, negated the application of the statute. Therefore, the trial court erred in appointing the appellees standby guardians.
The appellees next contend that the appellant is foreclosed from raising the propriety of the order confirming their appointment as standby guardians because he failed to appeal the first order. We disagree.
Section 744.102(10), Florida Statutes (1981), defines "standby guardian" as a person empowered to assume the duties of guardianship upon the death or adjudication of incompetency of the last surviving natural or adoptive parent of an incompetent. The language of the statute is explicit that a standby guardian is not empowered to assume any responsibility until the death or adjudication of incompetency of the last surviving natural parent.
At the time the appellees were appointed guardians, even though the appellant did not join in the petition for their appointment, the court had jurisdiction over the subject matter and the parties. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (Fla. 1927). Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which the particular controversy belongs. Malone v. Meres, 91 Fla. 709, 109 So. 677 (Fla. 1926). The court's erroneous exercise of jurisdiction in this case merely rendered the judgment voidable and open to reversal in some appropriate judicial proceedings. Jurisdiction attaches to a case belonging to the general class over which the court has authority *954 and is binding upon the parties until set aside on appeal. Malone v. Meres.
In the case sub judice, the trial court had jurisdiction over the subject matter but lacked the authority to enter the order appointing the appellees as standby guardians because the appellant did not join in the petition. By not filing an appeal within thirty days of the rendition of the order pursuant to Florida Rules of Appellate Procedure 9.110(b), the appellant lost his right to complain about the entry of this order. If he had appealed within the prescribed period of time, we would have reversed the trial court. However, the appellant is not foreclosed from raising the propriety of the order confirming the appellees as guardians, because pursuant to the statute, the appointment could only become effective after the death or adjudication of incompetency of the last surviving parent. Since the appellant is alive and competent, he has the right to appeal the order in question. For the reasons hereinabove discussed, we hold that upon the death of Mrs. Lusker, the natural guardianship passed to the appellant pursuant to section 744.301(1), and the court erred in confirming the appellees as guardians under section 744.304.
We agree that Florida's strong public policy favoring the natural family unit is not absolute and that a parent's natural legal rights can be terminated when the best interest of the child requires it. DeGroot v. Fuller, 210 So.2d 244 (Fla. 2d DCA 1968); In Re Guardianship of Davidson v. Parker, 259 So.2d 762 (Fla. 1st DCA 1972). However, the burden is upon the person opposing this parental right to prove by clear and convincing evidence that the parent is unfit and that the best interest of the child would be promoted by granting custody to the nonparent. Torres; Behn v. Timmons, 345 So.2d 388 (Fla. 1st DCA 1977); In Re Vermueulen's Petition, 114 So.2d 192 (Fla. 1st DCA 1959). If the appellant subsequently files a petition to modify the custody order entered in connection with the original divorce proceeding, and the appellees oppose same, or if the appellees seek to be appointed guardian of the child, they will have the burden to prove by clear and convincing evidence that the appellant is unfit and that the best interest of the child would be promoted by granting them custody.
REVERSED and REMANDED.
DANAHY, A.C.J., and LEHAN, J., concur.