DELL, Judge.
This matter comes before us on petition for writ of certiorari to quash two orders of the circuit court. The first order denied the husband’s motion to strike the wife’s allegations challenging the legitimacy of a minor child born during the marriage of the parties. In the second order, the court compelled the husband to submit to HLA blood testing.
On June 16, 1978, before their marriage, the husband had sexual relations with the wife. Sometime later, the wife informed him that she was going to have his baby. She testified that she told the husband that she was having his baby in order to induce him to marry her. The parties married and lived alternately in Italy and the United States. The wife gave birth to the child on February 10, 1979, and cohabited with the husband until February 25, 1983, when she petitioned for dissolution of marriage. Among other things, she alleged that the minor child was born of the marriage and prayed for custody of the child and sole parental responsibility with reasonable Visitation rights to the husband. The wife swore to the facts alleged in the verified petition for dissolution. Thereafter, the parties entered into a stipulation settling custody, support, visitation rights and other matters.
When the parties appeared at the uncontested hearing, the wife indicated dissatisfaction with the visitation agreement. Her attorney moved for a continuance to give him time to research her right to challenge the legitimacy of her minor child. After various pleadings, the wife filed an amended petition for dissolution which challenged the husband’s paternity and moved to compel him to submit to HLA blood testing. The trial court denied the husband’s motion to strike the amended pleadings and granted the wife’s motion to compel him to submit to HLA blood testing. During the course of the proceedings, the wife or her counsel disclosed to the court that the putative father does not know that he is the father of the child, or that the wife claims that he is; and that he is a convicted drug dealer who, to the best of the wife’s knowledge and belief, is presently confined in jail. The wife did not disclose the putative father’s name.
On certiorari the husband contends that the wife is estopped to challenge paternity and further argues that this paternity proceeding is not in the best interest of the child. We grant certiorari as to the order compelling the husband to submit to HLA testing because the order is in the nature of a discovery order compelling a physical examination. Certiorari is appropriate when used to review orders compelling discovery. See Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981). We dedline to review the order denying the husband’s motion to strike the wife’s allegations challenging paternity since this matter may be raised on plenary appeal.
Although the husband has vigorously argued the issue of estoppel on appeal, the partial record furnished on certiorari does not demonstrate that the issue was squarely presented to the trial judge. However, the evidence contained in the record does demonstrate sufficient unre-butted evidence to raise the issue of estop-pel. Here the wife represented to the husband that he was the father of the child; induced him to marry her; concealed the facts of her relations with an unidentified drug dealer; accepted the benefits of the marriage and the husband’s support and care, love and affection of the child; and swore in her petition for dissolution and reconfirmed in the stipulation for settlement that the husband was the child’s father. It also appears that the issue of paternity apparently only surfaced after the wife elected to challenge the husband’s right to visitation with the child. Under these circumstances, we hold that the trial court erred when it entered an order compelling the husband to submit to HLA blood testing without first determining whether or not the wife is estopped from *858 challenging his paternity of the minor child.
We also note that an important issue exists as to whether the wife’s attempt to declare the child illegitimate is in the child’s best interest. It appears that the trial court considered this issue but withheld a determination of the question pending completion of the medical tests. Obviously if the trial court determines that the wife is estopped from raising the issue, this should be the end of the matter. In the alternative, should he determine that estop-pel does not lie, then the questions of parentage, custody, visitation and the best interests of the child must be decided. See Sacks v. Sacks, 254 So.2d 572 (Fla. 3d DCA 1971), quashed, 267 So.2d 73 (Fla.1972); Taylor v. Taylor, 279 So.2d 364 (Fla. 4th DCA 1973); Wills v. Wills, 399 So.2d 1130 (Fla. 4th DCA 1981); Marshall v. Marshall, 386 So.2d 11 (Fla. 5th DCA 1980).
Therefore we grant certiorari and quash the order compelling the husband to submit to HLA blood testing and remand this case to the trial court for further proceedings consistent herewith.
ANSTEAD, C.J., and BERANEK, J., concur.