COBB, Judge.
Appellant/husband, Robert L. Rymer, appeals the award of monthly child support payments in the dissolution action below. Rymer contends that the lower court erred when it refused to order an HLA blood test of the minor child (age two months), who was conceived and born during the marriage.
In order to require that a party undergo a blood test, it must be shown that the matter is “in controversy” and that there is “good cause.” Fla.R.Civ.P. 1.360(a). Further, it has been held that when a child is born in wedlock, the husband of the child’s mother has a recognized right to contest the paternal parentage. Knauer v. Barnett, 360 So.2d 399 (Fla.1978); Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944).
In the present case, although the appel-lee wife testified that Rymer was the father, Rymer submitted a letter, without objection, in which the wife admitted that during the time of conception she had sexual intercourse with two other men besides her husband. In addition to this admission, the wife did not object to the blood test, and, in fact, agreed to a time for it. It is clear from the record that neither party was certain as to the parentage, but the putative father desired the test and the mother was also willing to have it done. Moreover, the husband, as the child’s presumptive father, had every right to have the child tested without any court order, but could not do so in this particular case because the mother had the child with her out of state up until the final hearing.
The record indicates the trial judge refused to allow the requested blood test on the basis that “the child should have a father.” While that is true as a matter of social policy, the child does not have the right to a father based on immediate availability to court order rather than on the facts.
Confronted with this factual scenario, we must conclude that the lower court abused its discretion in refusing to grant the husband’s request. Thus, the order awarding child support is reversed and this case is remanded for a new hearing on the issue of child support and for a blood test to be obtained. By this holding, we do not imply that the result of such a test is conclusively binding on the trier of fact. See Strickland v. Strickland, 456 So.2d 583 (Fla. 2d DCA 1984); Dutilly v. Department of Health & Rehabilitative Services, 450 So.2d 1195 (Fla. 5th DCA 1984). The probability indicated by the test is simply a factor to be weighed and evaluated at trial.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.