543 So.2d 241 (1989)
Robert MAYS and Kimberly Michelle Mays, a Minor, Petitioners.
v.
Regina I. TWIGG and Ernest L. Twigg, Respondents.
No. 88-03549.
District Court of Appeal of Florida, Second District.
March 22, 1989.
Rehearing Denied May 19, 1989.
Arthur D. Ginsburg, of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for petitioners.
John T. Blakely, of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, and William A. Post, Seminole, for respondents.
PATTERSON, Judge.
Robert and Kimberly Mays petition this court for a writ of certiorari to review a non-final order of the circuit court entered in the course of an ongoing suit for declaratory relief. We grant the petition.
*242 The facts surrounding this case are exceptionally delicate and unique. The respondents, Ernest and Regina Twigg, have alleged that some ten years ago staff personnel at Hardee Memorial Hospital, Wauchula, switched their healthy newborn daughter with one born on approximately the same date to Robert Mays' late wife, Barbara, and that both couples went on to raise children not actually their own natural offspring. The child raised by the Twiggs, Arlena Beatrice, later died from a congenital heart condition. Shortly before Arlena's death the Twiggs learned, based on the child's blood type, that neither of them could have been her biological parent. Kimberly Mays was the only other white female in occupancy at Hardee Memorial Hospital at the time of Arlena's birth.
Respondents began the underlying litigation by filing a "Petition for Order Compelling Blood Test to Confirm Paternity of Female Child," later substituting a complaint for declaratory relief. The amended complaint demands a declaration that Kimberly Mays is the Twiggs' natural biological child. Petitioners have countered with a number of motions seeking protection from various discovery requests, dismissal of the complaint for failure to state a cause of action, a more definite statement of the relief sought, and based on this court's holding in Van Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983), a bifurcated trial of the issues. With the exception of a provision limiting discovery of the medical records of Barbara Mays the trial court's order denies all relief sought by petitioners at this time.
The trial court concluded that "the holding of Van Nostrand v. Olivieri ... regarding standing is not applicable in this case." Although the facts of Van Nostrand differ totally from the case at bar, they are relevant to the result arrived at both then and now. Van Nostrand and his wife had obtained a divorce, with the wife receiving custody of the couple's minor child and Van Nostrand retaining visitation privileges. The wife then married Olivieri, and they later sought a judicial declaration that he, not Van Nostrand, was really the child's father, thus terminating Van Nostrand's visitation rights. Ordinarily the judgment of dissolution might have served as res judicata as to the paternity of the child, foreclosing an action such as the Olivieris', but this defense could not be used against Olivieri because he was not a party to the previous action. When Van Nostrand was ordered to submit to blood testing he petitioned for certiorari. We quashed the order requiring the blood test because Olivieri had not demonstrated his standing to bring the suit. In so doing, we said:
Thus, it cannot be said as a matter of law that Olivieri is precluded from seeking an adjudication that he is Christie's father. As a condition of obtaining such an adjudication, he must prove standing by showing "that he has manifested a substantial concern for the welfare of his illegitimate child". [citation omitted.] There has not yet been a determination that he has the requisite standing.
Ordinarily, the fact that a party may not be able to sustain his complaint does not serve to prevent him from obtaining full discovery on matters relevant to the issues in the case. See Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla. 1976). However, we believe this case is exceptional because of the sensitive nature of the subject matter and the irreparable harm which could occur if Olivieri should fail to prove standing.
We hold that in cases such as this, before a putative father may obtain discovery relating to the paternity of the child, he must first prove the requisite standing to go forward with the suit. Presumably, this will require a bifurcated proceeding in which the issue of standing is first resolved.
Van Nostrand, 427 So.2d at 377. The Twiggs successfully argued that Van Nostrand could not apply because it was impossible to show substantial concern for the welfare of a child unknown to them. However, the Twiggs and the trial judge have misconstrued the thrust of Van Nostrand. It is not limited to defining procedure in unique paternity actions, but is rather a pronouncement of the need to *243 protect adults and children alike from unwarranted intrusions into their privacy. Admittedly, natural parents have certain presumptive rights of custody as to their offspring. State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla. 1957). Those rights, however, are not absolute. Lusker v. Guardianship of Lusker, 434 So.2d 951 (Fla. 2d DCA 1983). Children are not property, but individuals whose needs and physical and mental well-being find protection in the law. The cases dealing with custody contests between a natural parent and a third party are replete with declarations that the privilege of custody of the natural parent must yield if such custody will be detrimental to the welfare of the child. In re Guardianship of D.A. McW, 460 So.2d 368 (Fla. 1984); Paul v. Lusco, 530 So.2d 362 (Fla. 2d DCA 1988); In re Guardianship of Wilkes, 501 So.2d 704 (Fla. 2d DCA 1987).
The facts of this case demand the application of the bifurcated procedure of Van Nostrand. The same rights of privacy and freedom from unjustified humiliation and psychological damage are present. Before permitting further discovery on the issue of the paternity of Kimberly Mays, the trial court must first determine the standing of the Twiggs to go forward; in effect, a determination of probability that the Twiggs will prevail. If the trial court finds that the ultimate relief sought should not be granted because of probable detrimental effects upon the child, no additional discovery on the issue of paternity should be allowed.
This conclusion requires us to go further and consider the propriety of the trial court's denial of the Mays' motion to dismiss. The problem simply stated is that the Amended Complaint does not set forth the ultimate relief sought, and, therefore, the court below cannot determine whether or not it would have such a detrimental effect on the child that it should be denied. The Amended Complaint prays that the trial court declare Kimberly Mays to be the "natural biological child" of the Twiggs. The interests of the child, which we consider paramount in this case, require that the trial judge be without doubt as to why the declaration is demanded. In this respect the pleading is fatally defective.
Section 86.011(2) Florida Statutes (1987) provides that the circuit courts of this state have jurisdiction to render declaratory judgments on the existence or nonexistence of "any fact upon which the existence or nonexistence of [any] immunity, power, privilege or right, does or may depend." The complaint must define the immunity, power, privilege or right to which the declaration is pertinent and should allege an actual need for the declaration. State Farm Mutual Automobile Insurance Co. v. Wallace, 209 So.2d 719 (Fla. 2d DCA 1968). The relief sought cannot be merely to satisfy the curiosity of the plaintiff. Bryant v. Gray, 70 So.2d 581 (Fla. 1954). A complaint which states, or as in this case, implies that a dispute between the parties as to specific rights may occur in the future, does not state a cause of action for declaratory relief. Okaloosa Island L. Ass'n, Inc. v. Okaloosa Island Auth., 308 So.2d 120 (Fla. 1st DCA 1975). In considering a motion to dismiss, the trial court must confine itself to the allegations within the four corners of the complaint. Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla. 2d DCA 1975). The allegations of the original complaint seeking a determination of paternity cannot be used to bolster the amended complaint which does not seek such relief. We are mindful that review of the denial of a motion to dismiss by certiorari is not favored; however, we find it necessary here due to the unusual nature of the action.
Accordingly, we quash the lower court's order of December 19, 1988, in its entirety. The amended complaint stands dismissed with leave to amend. Upon the resumption of the action, we direct the circuit court to permit no further discovery except as in accord with this opinion.
SCHEB, A.C.J., and HALL, J., concur.