PER CURIAM.
Petitioner/husband sought certiorari of that portion of a non-final order which compelled the husband, his wife, and their minor child, to submit to blood tests to determine whether the husband was the biological father of the child. In an order released earlier, this court granted the petition for writ of certiorari, quashed a specified portion of the trial court order, remanded the cause to the trial court to determine whether the respondent is es-topped from challenging the paternity of the minor child prior to making its determination as to whether blood testing is appropriate in this case, and advised an opinion would follow. This opinion provides the rationale for and reaffirms that order.
The husband filed a petition for dissolution in September, 1990, seeking custody of the minor child born of the marriage, alleging that the couple had cohabited together for two years prior to their marriage on June 5, 1985, and had lived together as a family until the parties separated in May, 1990. The wife answered and counterclaimed, challenging the husband’s paternity. The husband contends that the wife is estopped to deny that he is the father.
At the hearing on the wife’s motion to compel the husband to submit to HLA blood testing, the trial court heard testimony from the husband, the wife, a friend of the husband, and a nonparty claiming to be the biological father of the child. The trial court then entered the subject order, part of which compels the parties and minor child to submit to the testing without first making a determination on the estoppel issue.
The husband’s estoppel argument is based upon his presence in the delivery room when the child was born, his belief that the child was in fact his child based upon the wife’s representations, his name appearing on the birth certificate as the father, the fact that the parties and child lived together as a family unit for five years, the close and nurturing relationship *807 between the child and husband throughout her life, the child’s belief that petitioner is her father, and the representation to others in the community that the child was the child of both parties. These facts demonstrate sufficient evidence to raise the issue of estoppel.
We hold that it was error for the trial court to enter the order compelling the HLA blood testing without first determining whether the wife is estopped from challenging the paternity of the minor child. In re the Marriage of M.P.S.H. v. D.H., 516 So.2d 1151 (Fla. 4th DCA 1987); T.D.D. v. M.J.D.D. 453 So.2d 856 (Fla. 4th DCA 1984).
ANSTEAD, GLICKSTEIN and GARRETT, JJ., concur.