PER CURIAM.
William Privette seeks certiorari review of a circuit court order which compels him to submit to a Human Leukocyte Antigen (HLA) blood test. We grant the petition.
A paternity action has been brought against Privette by Angela Sease on behalf of her daughter. The child’s birth certificate states that Jim Sease, who was and is married to Angela, is the child’s father. Nevertheless, Ms. Sease now maintains that Privette is the actual father. The complaint seeks, in addition to a determination of paternity, the award of child support and other costs.
Privette, seeking to avoid the HLA testing procedure, invokes the well-recognized presumption that a child born in wedlock is “the blood issue of the partners of such marriage.” Knauer v. Barnett, 360 So.2d 399, 403 (Fla.1978). This presumption has been described as “one of the strongest rebuttable presumptions known to the law.” Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944). Privette argues that the heavy burden of proof required to overcome this presumption has not been satisfied by Ms. Sease, who merely utilizes a “standard preprinted [complaint] form” furnished by HRS, while official documents such as the child’s birth certificate contain contradictory claims as to paternity.
The facts of this case are remarkably similar to those which recently divided our sister court in Pitcairn v. Vowell, 580 So.2d 219 (Fla. 1st DCA 1991). Were we to follow the majority’s reasoning in that case our inquiry would proceed no farther, for they hold “that a putative father does not have standing to raise the presumption of legitimacy in avoidance of the potential ordering of support for the child.” 580 So.2d at 222. However, we believe the better view regarding standing is expressed in the dissenting opinion by Judge Nimmons, wherein he states:
The petitioner’s invocation of the presumption of legitimacy serves the salutary purpose out of which the presumption was borne, i.e., maintaining the legitimacy of children. Indeed, precluding the petitioner from invoking the presumption runs counter to that purpose. The fact that the petitioner may benefit from such presumption by demonstrating that the obligation of support rests elsewhere is no reason to bar its use in this case.
580 So.2d at 223-24.
Having concluded that Privette does have standing to challenge the order re *366 quiring blood testing, we turn to the arguments advanced before the trial court and its reasons for ordering the testing, and find the latter to be insufficient. No evidence was presented at the hearing below. Instead, the trial court appears to have relied solely upon section 742.12, Florida Statutes (1989), which HRS argued is mandatory whenever any party to a paternity action requests HLA testing. However, we cannot agree that the statute is disposi-tive where, as here, the objection to the testing is grounded in the right to privacy guaranteed by our state constitution, Article I, § 23. The intrusive and highly personal nature of the HLA testing procedure and of the circumstances surrounding its use in court proceedings mandates that we consider this right. See, e.g., Van Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983).
Of course, the right of privacy is no more absolute than is the presumption of legitimacy. We agree with the majority in Pitcairn to the extent they hold that the paramount consideration in cases such as this is the best interests of the child. In our view a proper balance can be struck by requiring, before ordering HLA or similarly intrusive testing in a contested paternity action, a threshold showing that the complaint is brought in good faith and is likely to be supported by reliable evidence. When, as in the present case, the issue is complicated by the effect of the presumption of legitimacy, the trial court should also determine whether the child’s interests will be adversely affected by allowing a party to circumvent that presumption.
The petition for writ of certiorari is granted, the circuit court’s order requiring HLA testing is quashed, and this case is remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.