590 So.2d 536 (1991)
Gregory BENAC, Petitioner,
v.
Sandie Lynn BREE, Respondent.
Nos. 91-00892, 91-01523.
District Court of Appeal of Florida, Second District.
December 13, 1991.
*537 Thomas H. McGowan, Rahdert & Anderson, St. Petersburg, for petitioner.
Kathryn M. O'Brien, Kathryn M. O'Brien, P.A., St. Petersburg, for respondent.
PER CURIAM.
Gregory Benac petitions this court for a writ of certiorari, seeking to quash a circuit court order which requires him to submit to a Human Leukocyte Antigen (HLA) blood test. We grant the petition.
Respondent Sandie Bree is the mother of a child born out of wedlock. Benac is listed on the child's birth certificate as the father, has acknowledged fatherhood, and has furnished support for the child. Benac and Bree discontinued their relationship, and Bree was later incarcerated on criminal charges. Benac sought custody of the child, but custody was awarded to the maternal grandmother with Benac having visitation rights. Notably the circuit court, in arriving at this decision, made a specific finding that Benac was the child's father. Bree, by counterpetition, claimed that another individual (not a party to this case) is actually the father. Presumably she expects, or hopes, that the HLA test will prove this fact. After hearing argument from counsel for both parties, the circuit court ordered the blood test.
First we must address the issue of Benac's standing to bring this action in certiorari. In cases where paternity is contested, much as with disputes over child custody, the paramount consideration for the courts should be the best interests of the child. Privette v. State of Florida, Department of Health and Rehabilitative Services, 585 So.2d 364 (Fla. 2d DCA 1991). Accordingly, at least one case has denied standing to a putative father who objected to medical testing procedures designed to determine paternity. Pitcairn v. Vowell, 580 So.2d 219 (Fla. 1st DCA 1991).[1] However, in Privette this court reaffirmed such standing, based on the state constitutional right of privacy. If anything, the interest in recognizing Benac's standing is stronger than cases wherein the putative father is motivated, at least in part, by a wish to avoid the responsibilities of parenthood.[2]Cf. Mays v. Twigg, 543 So.2d 241 (Fla. 2d DCA 1989); Van Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983).
The extent of such standing is another matter. Benac contends that Bree should be estopped from contradicting her prior acknowledgment that he is the child's father. See, e.g., T.D.D. v. M.J.D.D., 453 So.2d 856 (Fla. 4th DCA 1984). T.D.D. involved a wife's attempt, during dissolution proceedings, to declare her child illegitimate despite prior assertions that the former husband was the father. Although describing the child's best interests as "an important issue," the court nevertheless concluded that a determination of estoppel would represent "the end of the matter." 453 So.2d at 858. In the present case we stop short of adopting an identical position, which we believe would exalt the petitioner's interests over those of the child. However, in Privette we did suggest that privacy rights such as those interposed by Benac should be respected in the absence of "a threshold showing that the complaint is brought in good faith and is likely to be supported by reliable evidence." 585 So.2d at 366. We find such a requirement equally appropriate here.
Once the court is satisfied that the complaint is not patently frivolous or malicious, Benac's right to object to the HLA testing may still serve a salutary purpose. It serves, in essence, as a vehicle to enforce the rights of the child to an adequate determination of his own interests. Even employing this different approach we would conclude that the order for HLA testing is *538 premature, because the circuit court has not yet received any evidence as to what the child's interests may be. Although the court expressed its opinion that "the child does have a right to know who his father is," it is also possible that additional evidence might persuade the court that the child is better served by maintaining the status quo.[3] Should this prove to be so, then the court would be justified in revisiting Benac's estoppel argument.
The petition for writ of certiorari is granted, the order of the circuit court requiring HLA testing is quashed, and this case is remanded for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and HALL and THREADGILL, JJ., concur.
NOTES
[1] Pitcairn was alleged to have fathered the child of a woman who was married to someone else. He attempted to rely upon the presumption that the mother's husband is the father of a child born in wedlock. See Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944).
[2] Because both cases involve privacy rights, we believe it is immaterial that Privette stemmed from a paternity action under Chapter 742, Florida Statutes, while the present case is a custody dispute between unmarried parents.
[3] The circuit court did not elaborate upon this "right to know." However, such knowledge might be crucial to compilation of an adequate medical history for the child. Thus we cannot totally disclaim consideration of this question when determining the child's best interests. We merely hold that such an assertion, in the absence of other evidence, is an insufficient basis to require the potentially disruptive HLA testing.