PATTERSON, Acting Chief Judge.
This case began as a dissolution of marriage action which appellee Cynthia Long filed against appellant Charles Long. Cynthia then filed a paternity action against appellee Leonard Davis pertaining to a child born during the Longs’ marriage. Charles was permitted to intervene in the paternity action, and the two actions were consolidated. What could have been protracted litigation resolved itself into an uncontested dissolution of marriage with a marital settlement agreement and a dismissal of the paternity action. No evidence was offered as to the child’s paternity, and the marital settlement agreement states that one child was born of the marriage.
Notwithstanding, the trial court included in its final judgment of dissolution a finding that Charles Long “is the legal father of the parties’ minor child.” Charles appeals this finding and contends nothing in the record supports a finding that he is not the natural father of the child. We agree that the record is devoid of any evidence of paternity; therefore, we are unable to direct the trial court to make a specific finding that Charles is the natural father. Under these circumstances, the child is entitled to the benefit of the presumption of legitimacy ingrained in our law. See Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944). Thus, we direct the trial court to amend the final judgment by striking the term “legal.” The judgment will thereafter read “... Charles L. Long is the father of the parties’ minor child....”
Reversed in part and remanded.
WHATLEY and GREEN, JJ., concur.