263 So.2d 629 (1972)
Harold BECKLIN, Jr., Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, a Foreign Corporation, Appellee.
No. O-437.
District Court of Appeal of Florida, First District.
June 20, 1972.
Rehearing Denied July 12, 1972.
Thomas F. Woods, of Woods & Johnston, Tallahassee, for appellant.
Harry L. Michaels, of Hall, Hartwell, Michaels & Hall, Tallahassee, for appellee.
PER CURIAM.
Appellant seeks reversal of a final judgment denying him damages under a homeowner's insurance policy. The appellant's mother was the owner of the policy which defined an insured as follows:
"Insured: The unqualified word `Insured' includes (1) the Named Insured and (2) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured ..."
Appellant was visiting at his mother-in-law's home when it burned and destroyed his property. Appellant, although married, was solely supported by his parents and *630 had never held a job. At the time of the fire, appellant had just returned from school in Oklahoma and was going on to school in Missouri after the Christmas holidays.
The trial court held that on the basis of the criteria set forth in General Guaranty Insurance Co. v. Broxsie, 239 So.2d 595 (Fla.App. 1970), the appellant had failed to prove by a preponderance of the evidence that he was a resident of the same household as his mother at the time of the fire. We do not agree.
This court in Broxsie enunciated the elements which go to prove residency under an insurance policy as follows:
"... (1) close ties of kinship; (2) a fixed dwelling unit; and (3) enjoyment of each of part of the living facilities."
This court in Broxsie also distinguished a resident from a nonresident in that:
"... The resident is more than a mere visitor or transient, but lives at a place with additional attachments of such significance as to render that person a more or less consistent part of the community."
It cannot be denied that appellant met the first three requirements stated above. We feel he also had the requisite attachment to render him a consistent part of the community. The evidence shows that appellant, his wife, and close friends considered appellant a member of his mother's household. The address of his mother's house was on all his legal documents. Appellant kept personal belongings in the house; maintained a phone listed in his name; and received his mail there. Appellant considered his mother's home as his residence even though he was married and on occasion lived elsewhere while attending school. We are not unmindful of the rule that an appellate court will not reweigh the evidence and substitute its findings of fact for the findings of the trier of fact in the lower court. Ross v. Florida Sun Life Ins. Co., 124 So.2d 892 (Fla.App. 1960). However, where the trial court has misconceived the legal effect of the facts, the appellate court is required to take cognizance thereof. Gaer v. Gaer, 168 So.2d 789 (Fla.App. 1964); and Lee Construction Corp. v. Newman, 143 So.2d 222 (Fla. App. 1962).
We believe that appellant met the requirements of this court as set forth in Broxsie to show his entitlement to coverage, and for the reasons stated herein the judgment reviewed herein is
Reversed.
SPECTOR, C.J., and JOHNSON, J., concur.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
This suit is brought upon a homeowner's fire insurance policy issued to appellant's mother as the named insured and covering the home owned and formerly occupied by her. Recovery is sought for the value of personal property owned by appellant and left by him in his mother's home at the time he moved away with his wife. He claims entitlement to recovery under that provision of the policy which names as an additional insured any resident of the insured's household. The evidence affirmatively establishes and the trial court found in the final judgment appealed herein that for some months prior to the fire in question the mother's home had, for all intents and purposes, been abandoned by her, a widow, who had established a new place of residence at a different location and had placed the house on the market and listed it for sale with a real estate broker. Neither appellant, his mother, nor anyone else had been living in the house as "residents of a household" for several months prior *631 to the fire. There is no evidence that appellant ever lived with his mother in the new residence established by her. Since no household existed in the insured premises, I am unable to understand how appellant could have been a resident of such nonexistent household so as to qualify as an insured under the policy sued upon. For this reason alone, I conclude that appellant failed to prove a cause of action and the trial court properly rendered judgment in favor of appellee.