348 So.2d 628 (1977)
R. K. OVERSTREET, As Tax Collector of Dade County, et al., Appellants,
v.
SEA CONTAINERS, INC., a New York Corporation, Appellee.
No. 76-1406.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Rehearing Denied August 26, 1977.
Stuart L. Simon, County Atty., and Robert L. Krawcheck, Miami, for appellants.
Lapidus & Hollander and Richard L. Lapidus, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
This appeal is taken by Dade County from a final judgment which voided an assessment of ad valorem personal property taxes on marine container equipment owned by appellee, Sea Containers, Inc.
The facts, stated as succinctly as possible, are as follows. Appellee owns and leases marine cargo containers to shipping lines for international commerce. In 1972, appellee closed its Miami depot and has since neither maintained an office here nor realized any pecuniary benefit from its Miami operations. Appellee has, however, maintained an on-going relationship with its former agent for the purpose of overseeing the many containers that had been stored in warehouses at the Port of Miami by virtue of the terms of certain leases entered into by appellee and various shipping lines prior *629 to the time appellee closed its Miami office. Said leases called for Miami as the "drop-off" point for leased containers at the termination of the leasing period.
During the years 1974 and 1975, Dade County assessed and taxed appellee's personal property (containers) at the Port of Miami. The assessments were not apportioned by any formula, but were instead based upon the actual number of containers owned by appellee at the port on the applicable taxing dates. The containers taxed were of two varieties. The record supports the view that most, if not all, of the containers taxed were of the "off-lease" variety, i.e., containers stored at the port awaiting either transport out of Miami to another port or reassignment at Miami via a new lease agreement.
The other variety of container was that which was "on-lease" to a third person (lessee). Appellee could not determine whether any of the containers actually taxed at the port were of that variety, as it did not maintain a check on either the presence or whereabouts of containers while on lease to third persons. The assessor for the county did not impose the tax on the basis of an "off-lease" versus "on-lease" distinction, but rather, solely on the basis of ownership, i.e., the number of containers present at the port, owned by appellee.
This suit was filed challenging the assessment as void on the grounds, inter alia, that the assessed property was not permanently located in Dade County on the taxing dates in question, for the years 1974 and 1975, pursuant to Section 192.032(2), Florida Statute (1975). Dade County argued below, and on appeal, that the permanency requirement of the above statute is inapplicable sub judice, as that statute only pertains to competing counties attempting to tax the same personal property. The county was and is of the view that the general taxing statute, Section 192.011, Florida Statutes (1975), prevails, authorizing the ad valorem tax assessed on appellee's property.
The trial judge, after a non-jury trial and with benefit of lengthy and scholarly memoranda of law determined that Section 192.032(2) prevailed and no tax could be levied upon appellee, as the property in question was not permanently located in Dade County on the taxing dates. The assessment was held void and this appeal follows.
Initially, we must note that many other points were raised in both the trial court and on appeal concerning the validity of the assessment. One point in particular questioned the method of assessment utilized by the Dade County Assessor as being in violation of both the interstate and foreign commerce clause of the United States Constitution, art. I § 8, in that the tax was unapportioned, creating the possibility of multiple taxation and unduly burdening the instrumentalities of commerce. In rejecting that contention on appeal, we observe that the record is completely devoid of any testimony concerning the use of the stored containers in either foreign or interstate commerce. In fact, there was ample testimony to support the view that the taxed containers were doing nothing more than awaiting re-assignment to a port where appellee maintained an active business. (As will be discussed later, this period of limbo lasted, in most cases, for more than two years.) As such, we believe that the constitutional contention of unapportioned taxation is completely without merit and shall be mentioned no further.
We now come upon the crux of this appeal: the questions of whether Section 192.032, Florida Statute (1975) requires that personal property taxed must be permanently located in the county which assesses the tax and whether the property in question was, for tax purposes, permanently located in Dade County.
Section 192.032, Florida Statutes (1975) provides, in pertinent part:
"Situs of property for assessment purposes.  All property shall be assessed according to its situs as follows:
* * * * * *
"(2) Tangible personal property, in that county and municipality in which it is permanently located on January 1 of each year. Property brought into the *630 state after January 1 and before April 1 of any year shall be considered to have been in the state on January 1 of that year; except that tangible personal property brought into the state after January 1 and before April 1 of any year shall be taxable for that year only if the [property appraiser] has reason to believe that such property will be removed from the state prior to January 1 of the next succeeding year. All tangible personal property which is removed from one county in this state to another county after January 1 of any year shall be subject to taxation for said year in the county where located on January 1; except that the provisions of this paragraph shall not apply to tangible personal property located in such county on January 1 on a temporary or transitory basis if such property is included in the tax return being filed in the county in this state where such tangible personal property is permanently located."
As previously mentioned, appellant contends that the above statutory section does not condition the right to tax upon permanency of the personal property within the county, but rather, said permanency requirement pertains to the resolution of disputes between counties. As such, appellant argues, the purpose of Section 192.032(2) is to determine the taxable situs of personalty. Appellant further contends that because the trial court was not faced with the question of multi-county taxation, the question of a taxable situs never arose and the court therefore needlessly construed the above statute.
Notwithstanding the above contention, it is our opinion that the present controversy can be decided without reaching for legislative interpretation of the above statute, for as we view it, the subject property acquired a "permanent" status, subjecting it to taxation by Dade County.
In City of Lakeland v. Lawson Music Co., Inc., 301 So.2d 506 (Fla. 2d DCA 1974), the court opined that for purposes of taxation, the word "permanent" in a taxing statute does not always denote lasting forever, and does not always have a meaning opposite to temporary.
"In tax cases the requirement of permanency has been found satisfied where presence is consistent with continuity and not sporadically or temporarily present." Supra, 301 So.2d 508 at 508.
In addition, on the Federal level, the Court of Appeals for the District of Columbia has held that permanency, in the sense that personal property must be fixed like real property is not essential to the establishment of a taxable situs. District of Columbia v. Smoot Sand & Gravel Corp., 87 U.S. App.D.C. 248, 184 F.2d 987 (1950).
Appellee argues that it never intended the containers to permanently remain at the Port of Miami and has since transported all of said containers to its office-warehouse at the port in Savannah, Georgia. Notwithstanding appellee's intent, the fact is that the containers taxed had remained dormant at the port for periods of time greater than two years prior to the January 1, 1974 tax assessment. Though, eventually, the containers were transported to Savannah, we believe that while warehoused in Miami, a sufficient nexus was established allowing for the assessment of an ad valorem personal property tax.
To hold otherwise, would allow appellee, and all others, to escape the burden of taxation of its personal property by the simple expedient of alleging that it never intended the property to permanently remain in Dade County, notwithstanding the fact that the property sought to be taxed had remained in the county for lengthy periods of time. Such a result we cannot accept.
Finally, while we note that the trial judge "found" that the containers in question were not permanently located in Dade County, we, of course, are not bound by that determination. Though a trial judge's findings of fact and conclusions of law arrive at an appellate court clothed with a presumption of correctness, the presumption vanishes, if the judge's interpretation of the legal effect of the facts is erroneous. Becklin v. Travelers Indemnity Company, 263 So.2d 629 (Fla. 1st DCA 1972).
*631 The following language of the trial judge, taken from the record of the proceedings below, is indicative of the manner in which the court viewed the word "permanent."
"THE COURT: If permanently means permanently in the true sense of the word permanently, I would imagine that maybe we may have a serious question here as to permanently."
Though the above might at first blush appear to be somewhat cryptic, a careful examination of the record as a whole convinces us that the trial judge's usage of the word "permanent" was much too narrow in application for purposes of taxation.
Accordingly, the order voiding the ad valorem personal property tax is hereby reversed. In that neither the amount of the tax assessed, nor the number of containers taxed was contested at the trial state,[1] this cause is remanded with directions to reinstate the tax on appellee's personal property as assessed.
Reversed and remanded with directions.
NOTES
[1] Appellee acknowledged at the trial level that his challenge to the assessment was not on the basis of dollar amount, but rather on the ground that the assessment, itself, was void. Appellee did, however, raise the question at the trial level and on appeal, that the possibility existed that some of the containers taxed to appellee by virtue of ownership might have actually been "on lease" to third persons at the time, therefore making those containers exempt from taxation as to the lessor-appellee. In that the record is completely devoid of any substantial competent evidence to the effect that "on lease" containers were actually among the containers counted and taxed, we need not rule upon this contention.