MILLS, Judge.
This is an interlocutory appeal by plaintiff, Harrell, from a partial summary judgment entered in favor of defendant, Executor, in a declaratory judgment action seek *421 ing construction of an oral trust created by Pearce and of which Harrell was trustee.
Harrell contended the trust was created for the benefit of Pearce’s grandson, Hodges, now deceased, and as security for legal fees due him from Pearce for services rendered Pearce during his lifetime. The Executor contended the trust was created for the sole benefit of Hodges and because Hodges is now dead the trust assets should revert to the estate.
The Executor moved for summary judgment using the following language:
“Defendant respectfully moves this Court for a summary judgment upon all or any part of Defendant’s pleadings in this cause since the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law because Plaintiff is without admissible evidence to support a fact which he must establish and Defendant has attached hereto admissible evidence showing an absence of said fact.”
Attached to the motion was an affidavit of an attorney for a beneficiary of the Pearce Estate to which was attached a letter from Harrell to the attorney in which Harrell stated that he was holding funds given to him by Pearce in trust for the benefit of Hodges.
At the hearing on the motion, the Executor offered this affidavit in evidence and it was received by the court without objection by Harrell. No other evidence was offered by nor was any other evidence mentioned in argument made by the Executor. Harrell relied upon his deposition which had been taken and filed with the clerk by the Executor. The Executor timely objected to all parts of the deposition which violated the Dead Man’s Statute, Section 90.05, Florida Statutes (1975), and the court sustained the objection.
The key issue raised by this appeal is whether the use of the word “depositions” in the Executor’s motion for summary judgment constituted “use” of the deposition by the Executor, therefore a waiver of the Dead Man’s Statute. The trial court held there was no use of the deposition, therefore no waiver. We agree.
The taking of the deposition of a party or interested person does not waive the protection of the Dead Man’s Statute. Herring v. Eiland, 81 So.2d 645 (Fla.1955). To constitute a waiver, it must be “used” in a subsequent proceeding such as a summary judgment proceeding. Herring case. “Used” means to offer the deposition as evidence, Barber v. Adams, 208 So.2d 869 (Fla. 2d DCA 1968), or to refer to portions of the deposition in oral argument at the proceeding, Bordacs v. Kimmell, 139 So.2d 506 (Fla. 3d DCA 1962).
In the case before us the Executor did not introduce the deposition into evidence and made no reference to it in oral argument. The use of the word “depositions” in the motion did no more than recite the language of the summary judgment rule, Fla.R.Civ.P. 1.510(c). That part of the motion which reads:
“. . . because Plaintiff is without admissible evidence to support a fact which he must establish and Defendant has attached hereto admissible evidence showing an absence of said fact. . .”
states the legal grounds upon which the motion is based and the evidence which supports it. This did not include the Harrell deposition. The Executor did not attempt to derive benefit from Harrell’s deposition and then preclude him from using the deposition.
The Executor did not “use” Harrell’s deposition to support its motion for summary judgment, therefore it did not waive the Dead Man’s Statute.
Harrell urges that the Executor’s use of the affidavit with attached letters waived the Dead Man’s Statute. We do not agree. The affiant was not a party or interested person under Section 90.05.
Harrell also urges that the affidavit and attachments were insufficient to shift *422 to him the burden of introducing evidence that the second purpose of the trust was to create security for legal fees owed him by Pearce. We do not agree. The evidence adduced is sufficient to show that the trust was created for the sole benefit of Hodges and to negate the contention of Harrell that there was a second purpose.
The partial summary judgment is affirmed.
McCORD, C. J., concurs.
BOYER, J., dissents.