451 So.2d 1024 (1984)
Wilbur H. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AW-239.
District Court of Appeal of Florida, First District.
June 21, 1984.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Wilbur Johnson appeals from a judgment and sentence for dealing in stolen property. The appellant contends that the trial court erred in admitting over his objection his wife's testimony as to a conversation between herself and appellant. The admission of this testimony was prejudicial to the appellant in that it established that he knew the property in question was stolen. We agree with the appellant and reverse.
The objection of appellant's counsel to the testimony on the basis that the appellant's statement to his wife was subject to the husband-wife privilege was overruled by the court on the ground that the privilege did not apply to a husband and wife who were committing a crime. That ruling, though consistent with federal law, is contrary to Florida's statutory and case law.[1] Section 90.504, Florida Statutes (1983), does not except from the husband-wife privilege confidential communications between husband and wife made in furtherance of a crime. In the recent case of State v. Arata, 438 So.2d 1032 (Fla. 1st DCA 1983), this court affirmed a trial court's order granting a wife's motion to suppress intercepted telephone conversations between her and her husband concerning joint criminal activity, which conversations had been obtained by a court-authorized order. The order was affirmed on the authority of Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977). In Smith, the wife had been allowed to testify regarding certain statements made by her husband to her. The husband had shot and killed a man who had been visiting the wife. Over the husband's objection, the wife was allowed to testify that, after the killing, the husband, when asked by his wife what he had done, replied, "I killed him." The wife also testified as to a conversation with her husband during which the removal and burial of the victim's body were discussed. The State argued, inter alia, that the marital privilege did not apply to communications made in the furtherance of a crime. The appellate court refused "to engraft such an exception upon the marital privilege, again because of the harm it would *1025 inflict upon the strong policy underlying the privilege."
Accordingly, we reverse and remand for a new trial upon the foregoing authority.
ERVIN, C.J., and BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] C. Ehrhardt, 5 Fla.Prac.Evidence, Sec. 504.5 (1982 pocket part at p. 60).