603 So.2d 670 (1992)
Robert Earl JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3443.
District Court of Appeal of Florida, Fourth District.
August 12, 1992.
*671 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the second degree murder conviction of appellant and remand for a new trial because the trial court erred in allowing appellant's wife to testify to communications between appellant and her contrary to section 90.504, Florida Statutes (1989).
Appellant's wife testified that he had called her from jail thirty times in an effort to get her to change her trial testimony which he thought would inculpate him in the murder. These included threats to do bodily harm to the wife. Over appellant's objection that such testimony was precluded by the marital privilege, the trial court agreed with the state that such testimony was not privileged as it did not appear to "contain the sanctity of marriage" and additionally amounted to "witness threats".
Section 90.504(1), Florida Statutes provides:
A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
There is a strong public policy supporting the marital privilege. See Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977). The courts will not engage in an after-the-fact analysis of whether a statement is "incidental to" or "because of" the marital relationship, because a married couple, and each of them, should be secure in the knowledge that their private communications are exactly that  private. Id. at 919.
There are of course exceptions to the marital privilege, and they are spelled out in the statute. § 90.504(3)(a)-(c), Fla. Stat. (1989). However, none of these apply here. While threatening a witness is a crime, and had appellant been charged with that crime his wife could have testified against him, section 90.504(3)(b), Florida Statutes (1989), the state did not charge him with that crime. As the statute specifically delineates those exceptions to the marital privilege, we are loathe to add additional exceptions. See Smith. See also Johnson v. State, 451 So.2d 1024 (Fla. 1st DCA 1984). Thus, it was error to allow the testimony. From a reading of the transcript we cannot conclude that this error did not affect the verdict.
The appellant also challenges the sufficiency of the circumstantial evidence to support the verdict. We affirm because the errors of which he complains were not preserved. He claims that the only evidence which placed him at the scene and tied him to the crime was the prior inconsistent testimony of witness Salley. That, he maintains, could not be considered as substantive evidence against him because it was not given under oath subject to the penalty of perjury at trial or some other *672 proceeding. § 90.801(2)(a), Fla. Stat. (1989); State v. Delgado-Santos, 497 So.2d 1199 (Fla. 1986). However, appellant made no argument to that effect to the trial court. Thus, the trial court considered the evidence from witness Salley and the wife in considering the motion for judgment of acquittal and, based on that, properly denied the motion. Secondly, appellant claims that the court erred in declaring witness Salley to be a hostile or court witness in order to impeach him with his prior inconsistent statement. We see no need to address this issue for retrial, because the evidence code has been amended to allow any party to attack the credibility of a witness. See section 90.608(1), Florida Statutes (Supp. 1990).
Reversed and remanded for a new trial.
GLICKSTEIN, C.J., and DOWNEY and WARNER, JJ., concur.