642 So.2d 540 (1994)
Oscar Ray BOLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 78468.
Supreme Court of Florida.
April 21, 1994.
Rehearing Denied June 20, 1994.
James Marion Moorman, Public Defender, and Douglas S. Connor, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Oscar Ray Bolin, Jr., appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. Because of reversible error in the admission of evidence, we remand for a new trial.
On the morning of January 25, 1986, a jogger found the body of a Tampa restaurant worker in the woods near his home. The woman's abandoned car was found more than five miles from the body. A deputy ran a license tag check on one of two cars parked on the same corner the previous evening and discovered the car was registered to Oscar and Cheryl Bolin. The murder investigation stalled, however, until July 1990. Then, on a tip from Danny Coby, Indiana police interviewed his wife, the former Cheryl Bolin, about the killing. After that interview, the state indicted and tried Bolin for first-degree murder, armed robbery, and kidnapping.
Over objection Cheryl Coby testified that she was with Bolin when he "scoped out" the restaurant, that they returned home where she fell asleep, that Bolin awakened her around 2 a.m. to tell her that he had abducted and killed the victim, and that she went with him to clean up the victim's car, after which he threw away his blood-stained tennis shoes and the victim's purse. The jury convicted Bolin as charged and recommended that he be sentenced to death, which the trial court did.
As his first point on appeal, Bolin argues that the trial court erred in admitting into evidence statements made by Bolin to his wife predicated on a ruling that Bolin waived his spousal privilege by taking his ex-wife's discovery deposition. We agree with Bolin.[1]
The spousal privilege is codified in section 90.504, Florida Statutes (1991), and provides, in pertinent part, as follows:
(1) A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
Cheryl Coby disclosed statements Bolin made to her in her interviews with police, during her discovery deposition taken by Bolin and her deposition to perpetuate testimony *541 taken by the state,[2] and at trial. The defense objected both before and at trial that Mrs. Coby could not relate Bolin's statements because the spousal privilege had not been waived. The trial court, however, agreed with the state that questioning her about Bolin's statements during the discovery deposition, even though that deposition was kept confidential, constituted a waiver and allowed the state to introduce those statements through his ex-wife's testimony at trial.
This issue appears to be one of first impression because neither we nor the parties have found any caselaw that is directly on point. An analogous situation exists, however, with the testimonial privilege set out in the deadman's statute, section 90.602, Florida Statutes (1991).[3] Numerous Florida courts have considered the effect of taking and using discovery depositions on the privilege in the deadman's statute and have uniformly concluded that, while using a discovery deposition waives the privilege, merely taking such a deposition does not. E.g., Small v. Shure, 94 So.2d 371, 374 (Fla. 1957) ("Plaintiff's act of deposing defendant did not waive the protection of the statute where no part of the deposition was offered in evidence."); In re Estate of McCoy, 445 So.2d 680 (Fla. 2d DCA 1984); Harrell v. Florida First National Bank, 354 So.2d 420 (Fla. 1st DCA 1978); In re Estate of Bechtel, 348 So.2d 927 (Fla. 2d DCA 1977), cert. denied, 360 So.2d 1247 (Fla. 1978); Bordacs v. Kimmel, 139 So.2d 506 (Fla. 3d DCA 1962).
This is the appropriate rule to apply in connection with the spousal privilege. A discovery deposition is designed to elicit what a witness knows. The defense needs to ascertain what a spouse might know, but, if the privilege will be waived by merely asking, engaging in discovery can become extremely risky.[4] A defendant can, of course, waive the privilege after engaging in discovery, but a waiver then would be knowing.
In the instant case Bolin and his attorneys tried to maintain the spousal privilege at every step of the proceedings. We reject the trial court's conclusion that taking Mrs. Coby's deposition waived that privilege.
The statements of Bolin to his wife were an integral part of the state's case. While it may be that sufficient evidence apart from those statements existed to convict Bolin, we cannot say that they did not play a significant role in the jury's determination. Harmless error in their admission cannot be found. Therefore, we vacate Bolin's sentence, reverse his convictions, and remand for a new trial.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Due to our resolution of this issue, we do not address the other issues raised on appeal.
[2] Because of Mrs. Coby's ill health, the trial court allowed the deposition to perpetuate her testimony. The state never used that deposition because she testified at trial.
[3] Subsection (1) of this statute reads as follows:

No person interested in an action or proceeding against the personal representative, heir at law, assignee, legatee, devisee, or survivor of a deceased person, or against the assignee, committee, or guardian of a mentally incompetent person, shall be examined as a witness regarding any oral communication between the interested person and the person who is deceased or mentally incompetent at the time of the examination.
[4] This can be risky for attorneys as well as their clients. If an attorney is deemed to have waived the client's privilege by engaging in discovery, that attorney might well be charged with being ineffective. The same is true, however, if the attorney foregoes discovery to maintain the privilege and then is surprised at trial by something that should have been discovered beforehand. Such a catch-22 situation will be avoided by our decision in this case.