650 So.2d 19 (1995)
Oscar Ray BOLIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 80794.
Supreme Court of Florida.
February 9, 1995.
*20 James Marion Moorman, Public Defender, and Douglas S. Connor, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Oscar Ray Bolin. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The trial of this case was based upon the indictment of defendant for the murder of Teri Lynn Mathews, who was last seen alive on December 5, 1986. Prior to this trial, the defendant was indicted in the Circuit Court of Hillsborough County for the murder of another woman. During the pre-trial proceeding in the Hillsborough County case, a discovery deposition was taken by defendant's counsel of the defendant's former spouse. The circuit court ruled that the taking of this discovery deposition by defendant's counsel waived the spousal privilege as to spousal communications afforded by section 90.504, Florida Statutes (1991). The trial court in this case followed the ruling of the Circuit Court of Hillsborough County, reasoning that once the privilege was waived, the privilege could not be asserted in this subsequent proceeding. However, in Bolin v. State, 642 So.2d 540 (Fla. 1994), we reversed the Circuit Court of Hillsborough County and held that the trial court erred in its ruling that the discovery deposition had waived the spousal privilege. Therefore, the trial court here, relying on the reasoning of the Hillsborough Circuit Court, also erred in ruling that the spousal privilege had been waived.
We have reviewed the record of this trial and conclude that the error in respect to the spousal communications was not harmless. Regarding these communications, the former spouse testified that she was told by defendant that he murdered a woman who was the manager of a Church's Fried Chicken restaurant, that he had murdered a person whose body was said by the former spouse to have been transported from a trailer in which she and defendant lived to a place off a road in Hillsborough County where defendant dumped the body, and that defendant pointed out a spot off another road and said, "[T]hat's where the Mathews girl was found." We cannot say that this testimony regarding defendant's admissions of murder did not contribute to the jury's determination of guilt. See Koon v. State, 463 So.2d 201 (Fla.), cert. denied, 472 U.S. 1031, 105 S.Ct. 3511, 87 L.Ed.2d 641 (1985); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). For the purposes of retrial, we do point out that it is only the communications which are not admissible. The former spouse's testimony as to what she observed is admissible. Kerlin v. State, 352 So.2d 45 (Fla. 1977).
Because this case is being remanded for a new trial, in order to facilitate the future proceedings, we will address two other issues raised in this appeal. First, in its brief, the State contends that even if the discovery deposition did not constitute a waiver, a letter sent by defendant to Captain Gary Terry was a valid waiver. This issue was not reached in the trial court because of the error in respect to the ruling that the discovery deposition was a waiver. In our opinion in Bolin v. State, 650 So.2d 21 (Fla. 1995), we have set forth the procedure to be followed in determining whether the contents of the letter constituted a waiver.
The issue with respect to the waiver is whether the circumstances surrounding the letter and the content of the letter demonstrate that this defendant voluntarily consented to law enforcement officers talking with his spouse about her knowledge of his alleged criminal activities.[1] Because this issue *21 was not addressed at trial, the record is not sufficiently complete for us to determine whether the letter constituted a voluntary consent. If on remand the trial court determines from the circumstances in which the letter was sent and from the content of the letter itself that the letter constituted a voluntary consent to such disclosure, then the marital privilege would be waived pursuant to section 90.507, Florida Statutes. Bolin's voluntary consent to the questioning of his former spouse about her knowledge of the criminal activities for which Bolin was being investigated would permit his former spouse to testify as to Bolin's statements to her regarding the murder because the statements comprised part of what she knew about his activities. See Hoyas v. State, 456 So.2d 1225 (Fla. 3d DCA 1984). If the court determines, however, that the circumstances together with the content of the letter do not indicate that Bolin voluntarily consented to disclosure by Coby of what she knew about Bolin's alleged criminal activities, then there was not a waiver.
We address also the point raised in this appeal regarding collateral crime evidence. As set out in section 90.404(2)(a), Florida Statutes:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
In Peek v. State, 488 So.2d 52 (Fla. 1986), this Court emphasized that collateral crime evidence does not become relevant and admissible merely because the offense is the same and it occurs in the same vicinity.
Our review of the record in this case causes us to conclude that the evidence presented concerning the murders of Natalie Holley and Stephanie Collins was not relevant to prove any of the material facts regarding the issues as delineated in section 90.404(2)(a). We note that the trial judge during the trial expressed grave reservation about the admissibility of this evidence, and in the retrial this evidence should not be admitted during the guilt phase on the basis of section 90.404(2)(a) and Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The evidence does not demonstrate sufficient similarities to come within the rules for admissibility stated in Crump v. State, 622 So.2d 963 (Fla. 1993), or Duckett v. State, 568 So.2d 891 (Fla. 1990). In those cases, the cumulative effect of the numerous similarities present in the evidence established an unusual modus operandi relevant to identifying the defendants. Such is not the situation in this case.
Accordingly, we vacate Bolin's sentence, reverse his conviction, and remand for a new trial.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note that Florida's Evidence Code does not require that the privilege holder's consent be knowing. See Charles W. Ehrhardt, Florida Evidence, § 507.1 at 324 (1994 ed.).