773 So.2d 115 (2000)
Ralph Eric YOKIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-411.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
*116 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse, as to two of the three counts, a judgment adjudicating Yokie guilty and imposing sentence.
Yokie was charged with burglary and theft of items from his mother-in-law's residence and the theft of his wife's car. He pled nolo contendere, reserving his right to appeal the denial of a motion in limine to exclude, as privileged, testimony of the content of a telephone conversation between Yokie and his wife, Kim. They were legally married and living together at the time of the call.
During the conversation, Yokie admitted that he had committed the burglary of his mother-in-law's house. The motion seeking to invoke the marital communications privilege applied only to the first two counts. It is undisputed that statements concerning the third count are admissible under an exception to the privilege, since count three charges Yokie with a crime against his spouse.
The record reflects that Kim invited Officer Kelley to her residence to listen in on the telephone conversation. Kim was returning Yokie's call, made from a pay phone. He had called because he wanted Kim to pick him up. During the conversation, Yokie questioned Kim about how long it took for her to call him back and how long it took her to get back to the telephone after he was put on hold.
Officer Kelley testified that Yokie was hesitant to admit anything and told Kim, several times, that he was not going to say anything. He added that Yokie said that he felt he was being set up or that someone else was listening to the conversation. On several occasions, in response to a question by Kim, Yokie asked her whether someone else was listening. In each instance, Kim denied that someone else was listening. Kelley acknowledged that he did not know whether Yokie believed her or not. Kim testified that Yokie said, "I know you have somebody on the other line" and "I know you have someone listening." She added, "I know him very well. He did not believe me." However, Kim agreed that Yokie seemed cautious and said that this was just his nature.
Yokie testified that he had consumed numerous beers and crack cocaine rocks *117 on the day he called Kim. He said the cocaine, along with his concern about the location he was in, made him paranoid. He stated he had no reason to believe that someone else was listening. He said he speculated at first but believed Kim when she said that no one else was listening. He testified that she had put him on hold a couple of times and said he believed her when she explained that she was getting a girlfriend to pick him up. Patently, he had no knowledge that a police officer or anyone else was, in fact, listening.
The trial court found that Yokie knew, suspected, or believed that someone was listening in on the conversation and, therefore, had no reasonable expectation that it was a private, privileged conversation.
Section 90.504, Florida Statutes, provides that "[a] spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife."
There is strong public policy supporting the marital privilege. Jackson v. State, 603 So.2d 670, 671 (Fla. 4th DCA 1992). However, when a third party overhears communications between husband wife, the communication is protected only if the spouse intended it to be private. Proffitt v. State, 315 So.2d 461, 464 (Fla. 1975), aff'd, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); see also Gross v. Security Trust Co., 453 So.2d 944, 945 (Fla. 4th DCA 1984).
Marital communications are presumed confidential absent evidence to the contrary. Hanger Orthopedic Group, Inc. v. McMurray, 181 F.R.D. 525, 530 (M.D.Fla.1998). Factors, such as the nature of the message and circumstances under which it was delivered, may rebut that presumption. Id.
Yokie's conversation with his wife clearly falls within the purview of section 90.504. Notwithstanding the presumption accorded the fact-finder, and taking the evidence most favorably to the state, we cannot agree that Yokie had no reasonable expectation of privacy. It is undisputed that Kim assured her husband that the conversation was private and that no one else was listening. In the face of her assurances, it cannot be said that Yokie waived his privilege. To hold otherwise would countenance one spouse tricking or deceiving the other into unwittingly waiving the privilege. It is undisputed that Kim, with the state's encouragement, betrayed the trust that the privilege is designed to protect by deliberately misleading Yokie into feeling safe in making the otherwise privileged disclosures. Therefore, we conclude that the trial court has misconceived the legal effect of the facts. See Becklin v. Travelers Indem. Co., 263 So.2d 629, 630 (Fla. 1st DCA 1972); accord Overstreet v. Sea Containers, Inc., 348 So.2d 628, 630 (Fla. 3d DCA 1977); Hill v. Parks, 373 So.2d 376, 377 (Fla. 2d DCA 1979).
A spouse's concern that the other might be allowing someone to listen to a private conversation cannot, taken alone, support a conclusion that the spouse thereby waived the privilege when the other has assured the concerned spouse that their conversation is private. Further, Yokie's expressions of concern constituted evidence that he wanted and intended the conversation to be confidential. See People v. Gardner, 105 Ill.App.3d 103, 60 Ill. Dec. 951, 433 N.E.2d 1318, 1326 (1982)(defendant's statement in letter to spouse "I didn't want to do this because once I do the jailer or whoever reads the letters before they send them off, they're gonna take this letter to the State's Attorney" did not constitute waiver of marital privilege).
Therefore, we reverse as to counts I and II and remand for modification of the judgment and further proceedings consistent with this opinion.
GUNTHER and FARMER, JJ., concur.